IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-459-D

| | |
|---|---|
| JOSHUA P. EISENHAUER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ROY A. COOPER, Attorney General ) | |
| of the State of North Carolina, et al., ) | |
| ) | |
| Defendants. ) | |

On July 24, 2012, Joshua P. Eisenhauer ("Eisenhauer") filed a complaint asking this court to declare that defendant William West ("West"), the elected District Attorney in Cumberland County, North Carolina, must release prosecutorial jurisdiction over Eisenhauer to the United States Army and to declare that the medical treatment that Eisenhauer is receiving at Central Prison as a pretrial detainee constitutes deliberate indifference to his serious medical needs in violation of the Due Process Clause of the Fourteenth Amendment [D.E. 1]. Eisenhauer seeks declaratory and injunctive relief against West, Reuben Young ("Young"), the Secretary of the Department of Public Safety, who oversees Central Prison, and Roy Cooper ("Cooper"), the Attorney General of North Carolina. On September 13, 2012, Eisenhauer filed a motion for an expedited hearing and supporting memorandum [D.E. 25, 30]. Defendants West and Young responded in opposition [D.E. 27, 29]. In addition, defendants West and Cooper each filed a motion to dismiss for failure to state a claim upon which relief can be granted [D.E. 12, 16], and Eisenhauer responded in opposition [D.E. 20, 22]. As explained below, the court denies Eisenhauer's motion for an expedited hearing and grants West's and Cooper's motions to dismiss.

I.

Eisenhauer is an active duty staff sergeant in the United States Army who served two combat tours in Afghanistan. Compl. ¶¶ 1, 5. On January 13, 2012, a fire occurred at his apartment complex in Cumberland County, North Carolina. Id. ¶ 13. When emergency personnel responded to the fire, Eisenhauer fired multiple rounds at police and emergency personnel. Id. Eisenhauer did not hit any of the emergency personnel, but did sustain injuries when the police returned fire. See id. ¶¶ 14–15.

Eisenhauer contends that he fired on police and emergency personnel on January 13, 2012, due to a combat flashback arising from post-traumatic stress disorder ("PTSD"). Id. ¶ 13. As a result of his conduct on January 13, 2012, Eisenhauer faces multiple felony charges in Cumberland County Superior Court. West is the prosecutor. Eisenhauer did not make bail and is currently housed at Central Prison as a pretrial detainee. Id. ¶ 17.

Eisenhauer wants West to dismiss the pending charges in Cumberland County Superior Court and transfer Eisenhauer's case to the Army for prosecution. Id. ¶¶ 21–28. West has refused. Id. ¶ 29. Eisenhauer contends that the Army is better able to prosecute the matter and better able to provide medical care for his PTSD. Id. ¶¶ 32, 35. Eisenhauer also contends that his current medical care at Central Prison violates the Fourteenth Amendment. Id. ¶ 37.

The court has considered the motion for an expedited hearing, including the medical evidence of Dr. Woodard, Dr. Larson, Dr. Weinrauch, Dr. Francis, and Dr. Carbone. Eisenhauer bases the motion to expedite on the proposition that his PTSD is worsening at Central Prison and that the Army is better able to treat his PTSD. See [D.E. 25]. However, the court credits the Carbone affidavit [D.E. 29-2]. The motion to expedite is denied.

Defendants West's and Cooper's motions to dismiss pursuant to Rule 12(b)(6) for "failure

to state a claim upon which relief can be granted" test whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678.

Cooper moves to dismiss Eisenhauer's complaint against him because Cooper lacks "supervisory oversight" of West, who is the elected District Attorney in Cumberland County. Def.'s Mem. Supp. Mot. Dismiss [D.E. 17] 3. Eisenhauer apparently named Cooper as a defendant based on the belief that Cooper has supervisory oversight of West, and that Cooper could order West to cease the ongoing criminal case against Eisenhauer and transfer the criminal case to the United States Army. Cf. Compl. ¶ 2. Under North Carolina law, Cooper lacks such "supervisory oversight" of West. See N.C. Const. art. III, § 7; N.C. Const. art. IV, § 18; N.C. Gen. Stat. § 114-2; State v. Loesch, 237 N.C. 611, 614, 75 S.E.2d 654, 656 (1953); State v. Felts, 79 N.C. App. 205, 212, 339 S.E.2d 99, 103 (1986). Accordingly, Eisenhauer has failed to state a claim upon which relief can be granted and the claims against Cooper are dismissed.

As for West, he notes that Eisenhauer's complaint focuses on whether his current medical treatment comports with the Fourteenth Amendment, but that West is not responsible for that medical treatment. Def.'s Mem. Supp. Mot. Dismiss [D.E. 13] 3. Rather, Young, in his official capacity, is responsible. Likewise, West states that he is not responsible for the Department of Public Safety's decision to house Eisenhauer at Central Prison as a pretrial detainee. See id. Finally, West argues that the complaint provides no basis for this court to disqualify West's office from

3

proceeding with Eisenhauer's criminal prosecution. See id. 4–7.

Eisenhauer has failed to plausibly allege how West is violating the United States Constitution or federal law in proceeding with the criminal case against Eisenhauer. Cf. State v. Camacho, 329 N.C. 589, 601, 406 S.E.2d 868, 875 (1991); State v. Spicer, 299 N.C. 309, 311, 261 S.E.2d 893, 895 (1980); see also United States v. Armstrong, 517 U.S. 456, 464 (1996); United States v. Batchelder, 442 U.S. 114, 124 (1979). Likewise, Eisenhauer has failed to plausibly allege how West is responsible for Eisenhauer's current medical care. As such, the court grants West's motion to dismiss for failure to state a claim upon which relief can be granted.

II.

In sum, Eisenhauer's motion for an expedited hearing [D.E. 25] is DENIED. Defendants Cooper's and West's motions to dismiss [D.E. 12, 16] are GRANTED, and each is DISMISSED as a defendant. Young remains a defendant and has filed an answer [D.E. 31]. Eisenhauer and Young shall confer through counsel and submit a proposed scheduling order not later than January 11, 2013.

SO ORDERED. This 21 day of December 2012.

JAMES C. DEVER III
Chief United States District Judge