IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-459-D

| | |
|---|---|
| JOSHUA P. EISENHAUER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THE HON. ROY A. COOPER, et al., ) | |
| ) | |
| Defendants. ) | |

On July 24, 2012, Joshua P. Eisenhauer ("Eisenhauer" or "plaintiff"), a pretrial detainee being held at Central Prison, filed this complaint for declaratory judgment pursuant to 28 U.S.C. § 2201 [D.E. 1]. On December 21, 2012, the court denied Eisenhauer's motion for an expedited hearing, granted defendants Cooper's and West's motions to dismiss, and directed Eisenhauer and defendant Young to confer and submit a proposed scheduling order [D.E. 32].[1] On January 22, 2013, the court entered a scheduling order [D.E. 34]. On June 24, 2013, defendant Young filed a motion for summary judgment [D.E. 37]. Eisenhauer did not respond to the motion for summary judgment, and the time within which to do so has expired. As explained below, the court grants the motion for summary judgment.

I.

Eisenhauer is a staff sergeant on active duty in the United States Army who has served two combat tours in Afghanistan and another tour in Kuwait. Compl. [D.E. 1] ¶¶ 1, 5. In March 2011, military and civilian mental health care providers at Fort Bragg diagnosed Eisenhower as suffering

---

[1] The court substitutes Frank Perry for Reuben Young. See Fed. R. Civ. P. 25(d). Perry is now the Secretary for the Department of Public Safety.

from traumatic brain injury, visual disturbances, memory lapses, anxiety disorder, and post traumatic stress disorder. Id. ¶ 9. On January 13, 2012, Eisenhauer engaged in a shoot out with law enforcement personnel at Eisenhauer's apartment complex in Fayetteville, North Carolina. Id. ¶¶ 13, 17. As a result, Eisenhauer is being held at Central Prison, awaiting trial in Cumberland County Superior Court on several counts of attempted murder of law enforcement personnel.

Eisenhauer asserts that he is not receiving the level of mental health care to which he is entitled under 10 U.S.C. §§ 1072 and 1074, and that Young has "disregarded and been deliberately indifferent to those needs," in violation of the Fourteenth Amendment. Compl. ¶¶ 30, 33, 37. Eisenhauer seeks a declaratory judgment

> that [his] continuing pretrial confinement . . . in the North Carolina Department of Corrections by Defendants, their representatives or successors in office, without providing Plaintiff the appropriate and necessary treatment and care for his severe combat related post traumatic stress disorder, substantially similar in scope and nature to that enumerated by the Surgeon General of the United States Army, denies Plaintiff his entitlement to mental health care as provided for by Title 10, U.S. Code, Sections 1074 and 1072, and constitutes impermissible and deliberate indifference to Plaintiff's mental health care needs without due process of law and thereby violates the 14th Amendment of the United States Constitution.

Id. § VII.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587

2

(1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249–50. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

The court first addresses defendant Perry's argument that Eisenhauer's complaint is subject to dismissal for failure to exhaust administrative remedies before filing suit. Mem. Supp. Mot. Summ. J. [D.E. 38] 8. The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84–85 (2006). The PLRA's exhaustion requirement applies to all prisoner "suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The PLRA requires a "prisoner" to exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007).

The PLRA defines "prisoner" to mean "any person incarcerated or detained in any facility who is *accused of*, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h) (emphasis added). Thus, the PLRA applies to pretrial detainees who are accused of a crime. See, e.g., Mellette v. Major, No. 2:11-CV-00241-MBS, 2012 WL 554560, at *5 n.2 (D.S.C. Jan. 24, 2012) (unpublished) (collecting cases), report and recommendation adopted, 2012

3

WL 554427 (D.S.C. Feb. 21, 2012) (unpublished); United States v. Khan, 540 F. Supp. 2d 344, 349 (E.D.N.Y. 2007). Moreover, the PLRA applies to "prisoners" who proceed pro se or with the assistance of counsel. See Shembo v. Bailey, No. 3:07CV543-RJC, 2009 WL 129974, at *3 (W.D.N.C. Jan. 20, 2009) ("the purpose of the exhaustion requirement is not limited to merely protecting against frivolous lawsuits filed by *pro se* prisoners").

When prisoner files suit early, courts typically dismiss the action without prejudice. See, e.g., Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004); Johnson v. Cannon, C.A. No. 4:08-776-PMD, 2010 WL 936706, at *8 (D.S.C. Mar. 15, 2010) (unpublished); Shouse v. Madsen, Civil Action No. 7:09-cv-00461, 2010 WL 276543, at *2 (W.D. Va. Jan. 19, 2010) (unpublished). A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses. Thus, the court dismisses Eisenhauer's claim without prejudice for failure to exhaust administrative remedies.

Alternatively, the medical records and affidavits demonstrate that officials at Central Prison have not been deliberately indifferent to Eisenhauer's need for mental health treatment. Courts evaluate confinement conditions of pretrial detainees under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). As a practical matter, the analysis under the Due Process Clause and the analysis under the Eighth Amendment is materially indistinguishable. See, e.g., Riley v. Dorton, 115 F.3d 1159, 1166–67 (4th Cir. 1997) (en banc), overruled on other grounds by Wilkins v. Gaddy, 130 S. Ct. 1175 (2010) (per curiam); Hill v. Nicodemus, 979 F.2d 987, 991–92 (4th Cir. 1992). "Pretrial detainees, like inmates under active sentence, are entitled to medical attention, and prison officials violate detainee[s'] rights to due process when they are deliberately indifferent to serious medical needs." Nicodemus, 979 F.2d at 991 (quotation omitted). "In order to make out a prima facie case that

4

prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). The first prong requires the prisoner to show that "the deprivation of [a] basic human need was objectively sufficiently serious." Id. (quotation omitted) (emphasis omitted). Under the second prong, the prisoner must show that "subjectively the officials acted with a sufficiently culpable state of mind." Id. (quotation, alteration, and emphasis omitted).

To meet the subjective prong, a plaintiff must show that the prison official acted with deliberate indifference. See, e.g., Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Strickler, 989 F.2d at 1379. "[D]eliberate indifference entails something more than mere negligence" but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Deliberate indifference "requires that an official actually know of and disregard an objectively serious condition, medical need, or risk of harm." Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997); see Farmer, 511 U.S. at 837. Plaintiff must demonstrate that the care provided was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994). Mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. See, e.g., Estelle v. Gamble, 429 U.S. 97, 105–06 (1976); Grayson v. Peed, 195 F.3d 692, 695–96 (4th Cir. 1999).

The record shows that no prison official acted with deliberate indifference to Eisenhauer's medical needs, and that the care provided him was not "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d

5

at 851. On the contrary, the record demonstrates that mental health professionals have carefully and thoroughly considered Eisenhauer's mental health treatment needs. Notably, Eisenhauer does not offer any evidence to the contrary. To the extent Eisenhauer has not received a specific course of therapy, he has not shown anything more than a difference of opinion as to course of treatment, and thus fails to state a claim of constitutional magnitude. See, e.g., Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Starling v. United States, 664 F. Supp. 2d 558, 569–70 (D.S.C. 2009). Thus, Eisenhauer's claim fails.

II.

In sum, the court GRANTS defendant Perry's motion for summary judgment [D.E. 37], and DISMISSES plaintiff's complaint WITHOUT PREJUDICE for failure to exhaust administrative remedies, or alternatively, as without merit. The clerk shall close the case.

SO ORDERED. This  14  day of November 2013.

JAMES C. DEVER III
Chief United States District Judge